UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JACKSONVILLE PORT AUTHORITY,

    Plaintiff,

v.

                                                CASE NO:  3:12-cv-1227-J-20PDB

W.G. YATES & SONS CONSTRUCTION
COMPANY, a foreign corporation;                      **AN EMERGENCY MOTION**
THOMPSON ENGINEERING, INC., a
foreign corporation; HALCROW, INC.,
a foreign corporation; FIDELITY & DEPOSIT
COMPANY OF MARYLAND, a foreign
corporation; ZURICH AMERICAN INSURANCE
COMPANY, a foreign corporation; and
TRAVELERS CASUALTY & SURETY
COMPANY OF AMERICA, a foreign
corporation,

    Defendants.

_____/

### DEFENDANTS THOMPSON ENGINEERING, INC. AND W.G. YATES & SONS CONSTRUCTION COMPANY'S JOINT EMERGENCY MOTION FOR PROTECTIVE ORDER FOR DEPOSITION SET FOR JANUARY 13, 2014

Defendants Thompson Engineering, Inc. ("Thompson") and W.G. Yates & Sons Construction Company ("Yates"), by and through the undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(c)(1) and Local Rules 3.01 and 3.04, Middle District of Florida, requests that this Court enter an Order establishing protective rules governing the January 13, 2014 Rule 30(b)(6), Fed. R. Civ. P., deposition of Plaintiff Jacksonville Port Authority's ("Jaxport") corporate representative scheduled by Defendant Halcrow, Inc. ("Halcrow"), and in support thereof states as follows:

1

1.      Plaintiff Jaxport is the developer and owner of a shipping port container storage facility referred to as Dames Point Container Terminal in Jacksonville, Florida.  Jaxport's August 5, 2013 Amended Complaint (Doc. #43) asserts claims against defendants Thompson, Yates and Halcrow arising from alleged construction defects at the Dames Point Container Terminal.  Halcrow was the design consultant, Thompson performed certain design and engineering services related to the asphalt design, and Yates was the contractor for the Project.

2.      On November 11, 2013, Halcrow served its Notice of Taking 30(b)(6) deposition of Jaxport's corporate representative, a copy of which is attached as Exhibit "A."  Schedule A to the notice designated a number of topics for which the corporate representative was to have knowledge and be prepared to testify about on behalf of Jaxport.

3.      Jaxport raised a number of issues with the corporate representative deposition proceeding as scheduled on December 13, 2013.  The parties attempted to resolve those issues through a good faith conference on November 22, 2013 and again on December 6, 2013.  Each conference was approximately one hour in length.  Prior to the second good faith conference on December 6, 2013, counsel for Jaxport provided a written summary of Jaxport's issues with Halcrow's attempt to depose Jaxport's corporate representative, a copy of which is attached as Exhibit "B."

4.      One of the issues identified by Jaxport was the broad scope of topics that Halcrow identified for the deposition, which Jaxport argued appeared to address every issue relating to the work performed by Halcrow, Thompson, and Yates.  During the December 6, 2013 good faith conference, counsel for Halcrow indicated he would provide an amended notice of deposition to narrow the scope of topics to those specifically related to the allegations by Jaxport against Halcrow contained within the Amended Complaint.

5. On December 9, 2013, Halcrow served its Amended Notice of Taking 30(b)(6) deposition of Jaxport, a copy of which is attached as Exhibit "C." The notice is for a deposition of Jaxport's corporate representative on January 13, 2014. Schedule A to the notice designates a number of matters for which the corporate representative is to have knowledge and be prepared to testify on behalf of Jaxport. The identified topics appear to be narrowly tailored to the factual basis of the allegations in the Amended Complaint raised by Jaxport against Halcrow.

6. On December 19, 2013, counsel for Jaxport provided a letter in response to Halcow's Amended Notice of Taking Deposition, a copy of which is attached as Exhibit "D". The letter from Jaxport's counsel purports to place certain restrictions and requirements not only on Halcrow's deposition of Jaxport's corporate representative pursuant to the notice, but also on any future corporate representative deposition of Jaxport by any other party to the litigation.

7. In its letter, Jaxport has taken the position that since Halcrow noticed Jaxport's corporate representative deposition, the corporate representative must be deposed by all parties to this litigation over a single three day period beginning on January 13, 2014 and that Jaxport will not consent to any additional Rule 30(b)(6) corporate representative deposition by any other party beyond the deposition scheduled by Halcrow without agreement of the parties or leave of court.

8. Notably, document production in this multi-party construction defect case is still in its preliminary stages. No party has yet produced its ESI. Defendant Yates just recently produced its hardcopy documents related to the project. Counsel for Thompson and Yates have represented that they do not intend to take Jaxport's corporate representative deposition until all parties have exchanged documents.

3

9.      Furthermore, Thompson Engineering has sought leave of court to file a Third Party Complaint against Jacksonville Electric Authority (Doc. #72) and Yates has indicated that it may also seek leave of court to file third party claims against its subcontractor, International Underground.

10.      Thompson and Yates will be prejudiced if this deposition is allowed to go forward under the terms imposed by Jaxport's December 19, 2013 letter.  Jaxport's position is prejudicial to Thompson and Yates as neither defendant has control over the timing or sequence of co-defendant Halcrow's discovery in this matter.  Jaxport's position is particularly prejudicial to Thompson and Yates where hardcopy document production has not been completed and the parties' documents and ESI have not yet been provided.  Until such time as document production is completed, it is Thompson and Yates position that it is premature for either party to take Jaxport's corporate representative deposition on issues related to the respective allegations against either of them.

11.      In essence, Jaxport is taking the position that a corporate representative deposition scheduled by a co-defendant (in this case Halcrow), obligates all other parties in the litigation to identify any and all subject matters that the other parties wish to inquire of Jaxport's corporate representative, provide notice of such topics to Jaxport, and be prepared to ask all questions of the corporate representative on those topics during the time set by Halcrow on January 13, 2014 for the Jaxport corporate representative deposition.  This position is unreasonable and prejudicial to Thompson and Yates.

WHEREFORE, based on the above reasons, Thompson and Yates request that the Court enter an order specifying that Halcrow's notice of taking a Rule 30(b)(6) corporate representative deposition of Jaxport does not waive Thompson and Yates' right to later take their own

respective corporate representative deposition of Jaxport, or, in the alternative, continuing the deposition currently set for January 13, 2014 until such time as all parties have exchanged hardcopy documents and ESI.

**<u>MEMORANDUM OF LAW</u>**

Pursuant to Rule 3.01, Local Rules for the Middle District of Florida, defendants Thompson and Yates submit the following Memorandum of Law in support of the above Motion for Protective Order.

Rule 26(c) of the Federal Rules of Civil Procedure provides: "Upon motion by a party or by the person from whom discovery is sought . . . for good cause shown the court . . .may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."   In determining what constitutes "good cause" the Eleventh Circuit has identified four factors to consider: "1) the severity and likelihood or the perceived harm; 2) the precision with which the order is drawn; 3) the availability of a less onerous alternative; and 4) the duration of the order."   Additionally, the Eleventh Circuit uses a balancing of the interests approach to protective orders. <u>In re Alexander Grant & Co. Litigation,</u> 820 F.2d 352 (11th Cir. 1987) (citing <u>Kleiner v. First National Bank of Atlanta</u>, 751 F.2d 1193, 1205 (11th Cir. 1985) and <u>Farnsworth v. Procter & Gamble Co.</u>, 758 F.2d 1545, 1547 (11th Cir. 1985)).

Rule 26(c) of the Federal Rules of Civil Procedure permits the entry of an appropriate protective order "which justice requires to protect a party... from annoyance, embarrassment, oppression, or undue burden or expense."   In the instant case, Jaxport has taken the position that the corporate representative deposition scheduled by Halcrow on January 13, 2014 is the one and only corporate representative that may be taken in this matter.   Jaxport's position would result in

5

prejudice to Thompson and Yates as document production has not been completed. It is premature for Thompson and Yates to proceed with their respective corporate representative depositions of Jaxport until such time as document production has been completed. Thompson and Yates have no control over the sequence or timing of co-defendant Halcrow's discovery in this matter and should not be forced to proceed with a premature corporate representative deposition, particularly where document production has not been completed. Thompson and Yates will be prejudiced and harmed if their one and only opportunity to depose a corporate representative is during the January 13, 2014 corporate representative deposition scheduled by Halcrow.

Thompson and Yates respectfully request this Court enter an order specifying that Halcrow's notice of taking a Rule 30(b)(6) corporate representative deposition of Jaxport does not waive their rights to later take their own corporate representative deposition of Jaxport, or, in the alternative, continuing the deposition currently set for January 13, 2014 until such time as all parties have exchanged hardcopy documents and ESI. The instant motion is of an emergency nature because the deposition of Jaxport's corporate representative is scheduled for January 13, 2014.

## CERTIFICATE OF GOOD FAITH CONFERENCE

In accordance with Local Rule 3.01(g), the undersigned counsel conferred with counsel for with counsel for all parties and they are unable to resolve the issues raised by the instant motion.

Respectfully submitted this 3rd day of January, 2014.

/s/ William H. Strop
WILLIAM H. STROP
Florida Bar No.: 52477
RYAN F. CARPENTER
Florida Bar No.: 30148
Becker & Poliakoff, P.A.
3111 Stirling Road
Fort Lauderdale, FL 33312
Telephone: (954) 987-7550
Facsimile: (954) 985-4176
wstrop@becker-poliakoff.com
rcarpenter@becker-poliakoff.com
*Attorneys for W.G. Yates & Sons*
*Construction Company*
*Zurich American Insurance Company*
*Travelers Casualty and Surety Company of*
*America*

/s/ Gerald W. Weedon
GERALD W. WEEDON
Florida Bar No.: 231819
MICHAEL B. BITTNER
Florida Bar No.: 632678
Marks Gray, P.A.
P. O. Box 447
Jacksonville, Florida 32201
Telephone: (904) 398-0900
Facsimile: (904) 399-8440
gww@marksgray.com
mbb@marksgray.com
Secondary Email: slw@marksgray.com
                  mturner@marksgray.com

*Attorneys for Thompson Engineering, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system this 3rd day of January, 2014, which will generate notices of service and electronic filing to all parties and/or counsel of record to-wit:

David J. D'Agata, Esquire
Michael B. Wedner, Esquire
Office of General Counsel
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
dagata@coj.net
mwedner@coj.net
garelick@coj.net
hdugan@coj.net
lcenac@coj.net
*Co-Counsel for Plaintiff*

Henry G. Bachara, Jr., Esquire
Brian T. Crevasse, Esquire
Bachara Construction Law Group, P.A.
One Independent Drive, Suite 1800
Jacksonville, Florida 32202
cbachara@bacharagroup.com
bcrevasse@bacharagroup.com
dmcgovern@bacharagroup.com
bdevaux@bacharagroup.com
*Co-Counsel for Plaintiff*

William H. Strop, Esquire
Becker & Poliakoff, P.A.
3111 Stirling Road
Fort Lauderdale, FL  33312
wstrop@becker-poliakoff.com
*Attorneys for W.G. Yates & Sons Construction Company*
*Zurich American Insurance Company*
*Travelers Casualty and Surety Company of America*
*Fidelity & Deposit Company of Maryland*

Mariela M. Malfeld, Esquire
Watt, Tieder, Hoffar & Fitzgerald, L.L.P.
1200 Brickell Avenue, Suite 1800
Miami, Florida  33131
mmalfeld@wthf.com
*Attorneys for Halcrow, Inc.*

Michael M. Suga, Esquire
Paul A. Varela, Esquire
Watt, Tieder, Hoffar & Fitzgerald, L.L.P.
8405 Greensboro Drive, Suite 100
McLean, VA  22102
msuga@wthf.com
pvarela@wthf.com
*Attorneys for Halcrow, Inc.*

/s/ Gerald W. Weedon
GERALD W. WEEDON
Florida Bar No.:  231819
MICHAEL B. BITTNER
Florida Bar No.: 632678
MARKS GRAY, P.A.
P. O. Box 447
Jacksonville, Florida  32201
Telephone:  (904) 398-0900
Facsimile:  (904) 399-8440
Facsimile:  (904) 399-8440
Primary Email: gww@marksgray.com
Secondary Email:   slw@marksgray.com;
mturner@marksgray.com;
mbb@marksgray.com
*Attorneys for Thompson Engineering, Inc.*

8